Brooks *v.* The Board of Commissioners of Jasper County.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

---

BROOKS *v.* THE BOARD OF COMMISSIONERS OF JASPER COUNTY.

TAXATION.—Land in *Indiana,* purchased of the *United States* at any time within five years next before *May* 31, 1852, is exempt from taxation for five years from the date of purchase, by reason of the provisions of section 5, p. 208, R. S. 1843.

APPEAL from the *Jasper* Circuit Court.

DAVISON, J.—*Brooks,* who was the plaintiff, on *June* the 9th, 1858, presented to the Board of Commissioners of *Jasper* county a claim for 1,086 dollars, being an amount of taxes which, as he alleges, were illegally assessed upon his lands, and by him paid into the treasury of said county. Upon the filing of the claim the commissioners made an order whereby they refused to allow it, and *Brooks* appealed. In the Circuit Court, to which the appeal was taken, the issues were submitted to the Court, upon an agreement of facts. The Court found for the defendants, and, having refused a new trial, rendered judgment, &c.

The facts agreed on are, in substance, as follows: The lands, (describing them,) are situate in *Jasper* county, and were entered by the plaintiff at the *United States* Land Office

Brooks *v.* The Board of Commissioners of Jasper County.

after the 1st of *October*, 1851, and prior to the 27th of *April*, 1852. They were assessed and placed upon the tax duplicates for the years 1853, 1854, 1855 and 1856, as having been taxed for these years respectively. The duplicate for each of said years was regularly placed in the hands of the Treasurer of *Jasper* county for the collection of the taxes therein assessed and charged, and the plaintiff, upon the requisition of the Treasurer, paid into his hands, as and for taxes upon said lands for the years aforesaid, the aggregate amount of 1,086 dollars, of which sum 766 dollars was retained in said county and applied to county, township and road purposes, and the residue, 320 dollars, was paid into the State treasury, by the County Treasurer prior to the presentation of the plaintiff's claim before the commissioners. The relief sought is that the amount retained in said county be refunded to the plaintiff, and that, as to the sum paid into the State treasury, the same be certified to the Auditor of State, under the seal of the Board of Commissioners, as taxes paid and wrongfully assessed, &c.

The lands, as has been seen, were entered at the *United States* Land Office, after the 1st of *October*, 1851, and prior to the 27th of *April*, 1852, and they were assessed and taxed for the years 1853, 1854, 1855 and 1856. When they were so assessed and taxed, five years from the time of their entry had not elapsed. Now, the question to settle is, were they subject to taxation?

An act of Congress of the 19th of *April*, 1816, entitled "an act to enable the people of *Indiana* Territory to form a a constitution," &c., provides for the holding of a convention by the people of the Territory, and makes five certain propositions, which, if accepted by the convention, were to be obligatory upon the *United States*, on the condition, however, that the convention "shall provide by an ordinance irrevocable, without the consent of the *United States*, that every

and each tract of land sold by the *United States* from and after the 1st day of *December*, 1816, shall be and remain exempt from any tax, laid by order or under any authority of the State, whether for State, county or township, or any other purpose whatever, for the term of five years from and after the day of sale." On the 20th of *June* next ensuing the passage of said act, the convention, then in session, passed an ordinance in which the above propositions were accepted. The condition for the exemption of lands sold by the *United States* from taxation is complied with, and the ordinance itself is declared irrevocable, without the consent of the *United States*, &c. Rev. Stat. 1843, pp. 36, 37. It is also declared, by an act of the Legislature of this State, passed in the year 1843, that "all lands sold by the *United States*" shall be exempt from taxation, "until the term of five years from the day of sale shall have expired." *Id.* p. 208, sec. 5. There is, however, an act of Congress of *January* 26, 1847, which provides thus : "The assent of Congress is hereby given to the several States admitted into the Union prior to the 24th of *April*, 1820, to impose a tax or taxes upon all lands hereafter sold by the *United States*, from and after the day of sale," &c. 9 U. S. Statutes at Large, p. 118, sec. 1.

In the absence, then, of the *Indiana* law of 1843 the lands in question would be taxable, but that law stood unrepealed until *May* 31, 1852, when it was enacted by the Legislature, that "all real property within the State shall be subject to taxation." 1 R. S. p. 105, sec. 3. The latter act is consistent with the law of Congress of *June*, 1847. Did it operate, retrospectively, so as to render lands entered within five years prior to its enactment, liable to be taxed? The appellant refers to *Thomson* v. *Horton*, 5 McLean's Rep. 385. That case is precisely in point. There it was held that the *Indiana* law of 1843 was in force and operative, from the time of its passage until *May* the 31st, 1852, and that lands purchased,

of the *United States* at any time within five years next before that date was not subject to taxation until the expiration of five years from the day of sale. The reasoning of Judge *Mc-Lean*, in the case cited, seems to be conclusive, and must be held decisive of the case before us.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further trial.

*Huff & Jones*, for the appellant.

*Robert C. Gregory*, for the appellee.